### Clarence G. Martini, Appellee, v. City of Grafton, Appellant.

### Gen. No. 7,606.

1. HIGHWAYS AND STREETS—*duty of city as to defective street appurtenance.* It was reversible error, in an action against a city for damages alleged to have been sustained by a pedestrian by tripping over a loose and unfastened sewer grating on a public crosswalk, it being alleged that the grating projected above the sidewalk because of its unfastened condition, to instruct that the city was bound to use reasonable care and precaution to keep and maintain its streets and sidewalks in a good and sufficient condition, to render them reasonably safe for all persons passing on or over them, without any statement as to the necessity for the exercise of due care and caution in the use of the streets and walks except a concluding clause that plaintiff sustained damages without negligence or want of care on his part, especially where the jury were referred to the declaration for a statement of the negligence upon which the right of recovery was based.

2. INSTRUCTIONS—*refusal of requested instruction proper where matter covered by other instructions.* It was not error to refuse to give a requested instruction in a negligence case where all the matters contained therein which the requesting party was entitled to have given were contained in other instructions given on its behalf.

Appeal by defendant from the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed October 26, 1923.

CHAPMAN & DUHADWAY, for appellant.

SUMNER & REARDON and WILLIAM BOYNTON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a judgment for $1,500 in favor of the appellee, Clarence G. Martini, and against the appellant, the City of Grafton. The appellee bases his right of recovery upon the alleged negligence of the city in installing and maintaining an iron grating to cover a sewer opening at the northeast corner of Main and Vine streets. This grating which was placed there by the city is situated in the gutter, along the northerly side of Main street, and was put in position for the purpose of preventing débris floating along the gutter from getting into the sewer. It was not fastened, and it is alleged that it was negligently maintained by the city in that loose and unfastened condition. The iron grating was set in the gutter over the sewer opening against the flagstone at the crosswalk. The crosswalk was used by pedestrians in crossing over Main street. When the grating was set in at the proper angle, namely, about forty or fifty degrees, the top of the grating would be on a level with the top of the flagstone walk, but apparently it could be shifted to a more acute angle, which might cause it to stick up over the level of the crosswalk and the sidewalk. The testimony of the appellee is to the effect that in the evening of the 18th day of July, 1920, he and some other young men were passing through the City of Grafton on their way home to Alton, Illinois, but stopped over at Grafton to have some repairs made on the automobile, also to get some refreshments. After placing the automobile in a garage they walked over to a restaurant on Main street, got something to eat, and then on their way back to the garage where the car had been left for repairs, while in the act of crossing Main street for that purpose at the corner referred to, the appellee alleges he was tripped up and stumbled over the grating, which, he testified, was sticking up above the level of the side-

walk and crosswalk. He fell upon the grating and sustained severe injuries. It is urged, in reversal of the judgment, that the verdict is contrary to the weight of the evidence, and that the court erred in giving appellee's first instruction; also that the court erred in the refusal of some of the instructions requested by the appellant. The instruction complained of, refers the jury to the declaration for a statement of the negligence upon which the appellee bases his right to recover, which has been repeatedly condemned; and the instruction is deficient in its statement of the basis of the liability of the city. The jury were told by this instruction that the City of Grafton was bound to use reasonable care and precaution to keep and maintain its streets and sidewalks in a good and sufficient condition, to render them reasonably safe for all persons passing on or over the same. While the abstract proposition of law, that the city was bound to use reasonable care in keeping and maintaining its streets in a safe condition, was not inaccurate, the instruction had a tendency to mislead the jury to the conclusion that the city was legally bound to keep its streets and sidewalks in a reasonably safe condition for all persons passing on or over the same regardless of the legal requirement of the exercise of due care and caution in the use of such streets and sidewalks; and the erroneous and misleading impression as to the law which the jury would likely receive from the instruction by the statement of the general principle was not cured by the disjointed addition to the instruction made at the end: "And that the plaintiff, Clarence Martini, sustained damages thereby without negligence or want of care on his part." The additional statement at the end of the instruction did not correct the erroneous impression which the jury would receive concerning the rule of law in question. The requirement of reasonable care and caution should have been clearly stated as a part of the basis of liability of the city un-

der the rule. The exercise of due care and caution on the part of the appellee was one of the vital and controverted points at issue in the case, and the instruction must therefore be regarded as reversible error. We find no error in the refusal of the instruction requested by the appellant. All the matters which the appellant was entitled to in the refused instruction were covered by other instructions given in its behalf. We refrain from discussing the other point made by the appellant concerning the weight and effect of the evidence, inasmuch as the case will have to be reversed for the reasons heretofore stated. Judgment is reversed and cause remanded.

*Reversed and remanded.*